704 So.2d 958 (1997)
STATE of Louisiana on Behalf of Ladawn Bostick JONES, Plaintiff-Appellant,
v.
Spencer MALLET, Jr., Defendant-Appellee.
No. 97-611.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1997.
*959 Carolyn Jackson Sartin, Baton Rouge, for Spencer Mallet, Jr.
Cynthia Guillory, District Attorney's Office, for State.
Before SAUNDERS, PETERS and AMY, JJ.
SAUNDERS, Judge.
The question is whether the State is authorized to intervene in a child support case, even when the paying spouse is not delinquent and the recipient receives no public assistance concerning which the legislature has expressed a compelling interest. The trial court answered this question negatively. We reverse the trial court's finding in favor of defendant on the exception of no cause of action and remand so that the trial court can consider whether the state has indeed furnished any services pursuant to La.R.S. 46:236.2.

FACTS
On October 17, 1995, the plaintiff-mother, Ladawn Bostick Jones, filed a petition for child support against defendant-appellee, Spencer Mallet, Jr. On February 8, 1996, Mallet acknowledged his paternity. On March 11, 1996, the father was ordered to pay child support of $117.00 per month. One day later, the mother signed an application for child support services, in effect assigning to the State her interest in child support.
On June 27, 1996, the Calcasieu Parish District Attorney's Office filed a motion on behalf of the State seeking to amend the initial child support decree to have the father pay the child support through the State. The only intent of the State in doing so was to have all child support payments paid through the State, rather than directly to the mother, as there was no allegation that the father had been delinquent in honoring his legal obligations. In response, the father filed an exception of no cause and/or right of action, which was sustained by the trial court on these grounds.
On appeal, the State maintains that it was authorized to intervene in these proceedings pursuant to La.R.S. 46:236.1.
B. (1) The department is hereby authorized to develop and implement a program of family support in AFDC cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:
(a) Enforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
....
(d) Obtain and modify family and child support orders.
....

OPINION
Because this controversy involves a spouse's child support obligations, the State suggests that, upon receiving from the mother her application and fee, the State was legally authorized to intervene, notwithstanding that the claims for child support were not initially prosecuted by itself:
(2) In addition, as required by federal law, the department shall provide the above services to any individual not otherwise eligible for such services as provided for in R.S. 46:236.1(B)(1) upon receiving an application from such individual and upon receiving any fee which may be assessed by the department for the services.
(Emphasis added.)
La.R.S. 46:236.1(B)(2).
In contrast, the defendant-father relies upon the Subparagraph (B) of La.R.S. 46:236.2 to suggest that the State's intervention is only warranted in instances where a paying spouse has exhibited some unreliability, or where the recipients are also the beneficiaries of public assistance programs enumerated in La.R.S. 46:236.1(B), set forth above.
*960 § 236.2. Amendment of support orders
A. The department may, by a written motion together with a written certification from the department that support enforcement services are being furnished to the individual or caretaker of any individual receiving support benefits, obtain an order to require any person under an order to support such individual or caretaker to make such support payments payable to the department.
B. Any interested party may by a written motion, together with a written certification from the department (1) that the department is not presently furnishing and does not contemplate furnishing AFDC for or on behalf of a individual and (2) that no services are being rendered by the department on behalf of the individual, obtain from the court which rendered the order to support such individual an amended order to require that support payments be made payable to the individual or caretaker instead of the department. As used in this Subsection, "interested party" shall include only the department, the person owing the support obligation, or the individual or caretaker to whom the support obligation is owed.
(Emphasis added.)
C. In either of the above cases, the court shall grant its order ex parte and without hearing any adverse party. (Emphasis added.)
The father's contention in this case is that La.R.S. 46:236.2(A) does not avail the State of the right to intervene in these proceedings because it did not furnish any of the support enforcement services enumerated in La.R.S. 46:236.1; ergo his exception, which essentially relies upon the rationale contained in La. R.S. 46:236.2(B) for having an order of child support transmitted via the State amended to have such payments made directly to the caretaker or guardian.
"Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute." State v. Piazza, 596 So.2d 817, 819 (La.1992). Whenever possible, a court should give harmonious effect to all acts on a subject when reasonably possible. Id.
Viewing La.R.S. 46:236.1 and 236.2 in pari materia, we agree with the trial court's interpretation that the legislature intended to provide public enforcement of private child support only in cases of delinquence, where one of the types of public support set forth in La.R.S. 46:236.1 is concerned, or perhaps where the recipient might otherwise be imperilled. It is inconceivable that the legislature would have intended to permit the State to utilize its limited resources to intervene in cases of child support where its intervention is not warranted by need or pronounced public policy  but where its unwarranted intervention might be dismissed ex parte. See La.R.S. 46:236.2(B) and (C).[1]
Having stated as much, for the following reasons we are nonetheless compelled to reverse the judgment of the trial court, being of the view that the allegations contained in the State's petition state a cause of action pursuant to La.R.S. 46:236.2(A), and that the trial court erred in granting defendant's exception of no right of action in light of the absence of evidence presented by the defendant-father to rule out the performance by the State of such services.
As to the exception of no cause of action, the State clearly stated a cause of action by doing everything it was required to do pursuant to La.R.S. 46:236.2(A). The state filed a written motion together with a written certification from the department that support enforcement services were being furnished to Ms. Jones. Under that statute, those assertions are all that is needed to *961 state a cause of action. No evidence can be presented "to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. Thus, we hold that the State's petition does indeed state a cause of action.
The exception of no right of action, on the other hand, questions whether the State has any interest in instituting this action. La.Code Civ.P. art. 927(A)(5). Evidence can be introduced concerning this exception. La.Code Civ.P. art. 931. The burden of proof is on the mover of such an exception, and Mr. Mallett introduced no evidence to suggest that the State has not furnished Ms. Jones any services.[2] Thus, we are compelled[3] to reverse the judgment of the trial court as there is no evidence to suggest that the state has not furnished services which would trigger the application of La.R.S. 46:236.1.

CONCLUSION
In this case, the State does not dispute the fact that the father is current in his child support payments, nor does it unambiguously maintain that Ms. Jones is the recipient of AFDC or some other relief provided for by La.R.S. 42:236 or is in danger. However, it does maintain, without substantiating, that it has provided services as required by La.R.S. 42:236.2(A), and defendant has provided no evidence to reject this assertion. Accordingly, for the reasons stated elsewhere, the judgment of the trial court granting defendant's exceptions is reversed, with costs to await the outcome of the trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] This view is supported by our observation that both provisions are found amongst others which have in common a public welfare element. "Although classification and organization of sections of the Revised Statutes and headings to those sections do not constitute part of the law, R.S. 1:12-13, nonetheless we believe they provide some aid in interpreting legislative intent where the language of the statute is unclear." Montelepre v. Edwards, 359 So.2d 1311, 1314 (La.App. 4 Cir.1978).
[2] On the other hand, the state argued that Ms. Jones "either came and requested our service, paid the nominal fee, and/or received some type of public assistance or welfare for which the District Attorney's office has to provide the services to [Ms. Jones]."
[3] In so holding, we do not wish to imply that the State is entitled to have such support payments made through it if it in fact has provided no services. Rather, our holding simply hinges on the lack of evidence to this effect. Thus, if defendant on remand should make such a showing, it will then be entitled to judgment on the theory presently rejected for lack of evidentiary support.