737 So.2d 810 (1999)
STATE of Louisiana on Behalf of Ladawn Bostick JONES, Plaintiff-Appellant,
v.
Spencer MALLETT, Jr., Defendant-Appellee.
No. 98-1051
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
Writ Denied July 2, 1999.
*811 Carolyn Jackson Sartin, Baton Rouge, for Spencer Mallett, Jr.
Mike K. Stratton, Lake Charles, for State of Louisiana.
Before DOUCET, C.J., DECUIR and PETERS, Judges.
DECUIR, Judge.
Ladawn Bostick Jones initiated these proceedings for child support against Spencer Mallett, Jr. On March 11, 1996, the hearing officer issued a recommendation of support, and on the following day, Ms. Jones assigned to the State her rights to seek and collect support payments pursuant to La.R.S. 46:236.1. A judgment of support was entered on March 18, 1996, and subsequently the State, through the Department of Social Services, Office of Family Support, sought to have the judgment amended to the extent that Mallett would be ordered to make payments directly to the State. The State's action was premised on La.R.S. 46:236.2 which allows the State to obtain an amended support order ex parte.
Mallett filed exceptions of no cause of action and no right of action, both of which were sustained by the trial court. On appeal, this court reversed and remanded, with instructions to the trial court to determine if the State was providing services to Jones "which would trigger the application of La.R.S. 46:236.1." State on Behalf of Jones v. Mallet, 97-611 (La.App. 3 Cir. 12/17/97); 704 So.2d 958, 961. The trial court then conducted a hearing; the parties stipulated that Jones does not receive state benefits of any kind and Mallett's child support payments are not in arrears. The trial judge again sustained Mallett's exceptions, and the matter is now before us for the second time.
The issue before us was succinctly stated in our previous opinion: The question is whether the State is authorized to intervene in a child support case, even when the paying spouse is not delinquent and the recipient receives no public assistance concerning which the legislature has expressed a compelling interest. Id. at 959. After reviewing the state statute at issue as well as the federal Social Security Act to which our statute is referenced, we conclude the State is not authorized to seek an amendment of the judgment in favor of Jones as described in La.R.S. 46:236.2.
The legislation at issue provides as follows:
A.(1) The department or district attorney may, by a written motion together with a written certification from the department that support enforcement services are being furnished to the individual or caretaker of any individual receiving support benefits, obtain an order to require any person under an order to support such individual or caretaker to make such support payments payable to the department.
The above quoted statutory language clearly entitles the State to intervene in a support proceeding if the State first certifies that support enforcement services are *812 being furnished to the individual or caretaker of any individual receiving support benefits. In this case, the State did not provide Jones with any support enforcement services; indeed, Jones assigned her rights to the State only at the conclusion of the proceedings, after the hearing officer issued his recommendations. The judgment itself was signed by the trial judge several days later, without a hearing, and did not specify that payments were to be made through the State. The State took no action on Jones' behalf and, hence, could not certify to the trial court that enforcement services were being provided to Jones at the time it sought the amended judgment.
Mallett's exception of no right of action was properly sustained. Because the State cannot certify that it has furnished services to Jones in accordance with La. R.S. 46:236.2, the State has no interest in instituting this action. While the State may have an interest in bringing an action for arrearages or increased support on behalf of a welfare recipient, for example, the State has no legitimate interest in seeking to amend an order of support so that payments are made through the State. Such an action would serve only to increase the financial responsibility of the defendant by requiring, in this case, a 5% administrative fee (listed as an unchecked option on the hearing officer's recommendation and judgment form signed by both the hearing officer and trial judge) and would result in no benefit to the party receiving support. Accordingly, we find the trial court properly sustained Mallett's exception of no right of action. All other issues raised by the parties are rendered moot by this determination.
For the reasons stated we affirm the judgment of the trial court sustaining Mallett's exception of no right of action.
AFFIRMED.