| ¡WHIPPLE, J.
In this appeal, defendants challenge the judgment of the district court reversing the decision of the Louisiana Department of Public Safety and Corrections, Municipal Police Officers’ Supplemental Pay Board of Review, which had denied plaintiffs’ applications for supplemental pay. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiffs are full-time radio dispatchers for the City of New Orleans Police Department who were employed prior to January 1, 1986 and who are paid solely from municipal funds. In May of 2000, plaintiffs *511 and their employer, the City of New Orleans, executed forms for “Municipal Police Officers’ Supplement Pay pursuant to R.S. 83:2218.1, et seq., Act 49 of 1959,” seeking state supplemental pay. The forms were forwarded to the Municipal Police Officers’ Supplemental Pay Board of Review (“Board of Review”). However, the Board of Review denied plaintiffs’ requests for supplemental pay on the basis that these officers were not POST (Peace Officer Standards and Training) certified. Plaintiffs’ request for reconsideration was also denied.
Plaintiffs then filed a petition for judicial review in the Nineteenth Judicial District Court. The parties stipulated to the facts at issue, and following oral argument, the district court reversed the Board of Review’s decision. The district court determined that it was the legislature’s intent that these radio dispatchers receive state supplemental pay, despite their lack of POST certification, in that they were all hired prior to the 1986 date after which POST certification was required as a prerequisite to eligibility for state supplemental pay. Thus, the district court reversed the Board of Review’s decision that had denied plaintiffs state supplemental pay. From |3this judgment, the Board of Review and its individual members appeal, contending that the district court erred as a matter of law in reversing the determination of the Board of Review that plaintiffs were ineligible to receive state supplemental pay.
STANDARD OF REVIEW
The right to judicial review of final decisions in administrative adjudication proceedings is set forth in LSA-R.S. 49:964(A). When reviewing an administrative final decision in an adjudication proceeding, the district court functions in part as an appellate court. Mayo v. Municipal Police Board of Review, 98-1864, p. 6 (La. App. 1st Cir.11/5/99), 745 So.2d 188, 191. The standard of review to be applied by the reviewing court is set forth in subsection G as follows:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
LSA-R.S. 49:964(G).
The present case does not involve a factual dispute. Instead, the parties disagree on the application of the eligibility requirements for | supplemental pay set forth in LSA-R.S. 33:2218.2(A)(1) to the stipulated facts herein. Accordingly, the *512 issue on appeal is whether the Board erred in its interpretation and application of the eligibility requirements of LSA-R.S. 33:2218.2(A)(1). See Mayo, 98-1864 at p. 6, 745 So.2d at 191.
DISCUSSION
Louisiana Revised Statute 33:2218.1, et seq., provides for the creation of a special fund in the state treasury for the payment of supplemental salaries to municipal police officers and full-time commissioned deputy sheriffs. Anderson v. State, 363 So.2d 728, 729 n. 1 (La.App. 2nd Cir.), unit denied, 364 So.2d 600 (La.1978). Louisiana Revised Statute 33:2218.2 sets forth the eligibility requirements for entitlement to state supplemental pay. At the time plaintiffs applied for supplemental pay, this statute provided in pertinent part as follows:
A. (1) In addition to the compensation now paid by any municipality included in this Subpart ... to any police officer, every police officer employed by any municipality ... who devotes his full working time to law enforcement, and for those hired after March 31, 1986, who have completed and passed a council-certified training program as provided in R.S. 40:2405, shall be paid by the state extra compensation in the amount of three hundred dollars per month for each full-time municipal ... officer who has completed or who thereafter completes one year of service.
[[Image here]]
C. For purposes of this Subpart a municipal ... police officer entitled to additional pay out of state funds shall mean and refer to:
[[Image here]]
(5) Any person employed on a full-time basis by a municipality ... and all of whose compensation out of public funds is paid solely from municipal ... funds for full-time work as a radio dispatcher.
LSA-R.S. 33:2218.2.
| ^Section (A)(1) generally establishes who is eligible for supplemental pay, while Section (C) specifically describes who “shall” be deemed a “police officer entitled to [supplemental] pay.” Mayo, 98-1864 at p. 7, 745 So.2d at 193. Because plaintiffs are all full-time radio dispatchers, they clearly fall within the category of those police officers deemed to be entitled to supplement pay, as established by Section (C)(5) of LSA-R.S. 33:2218.2. Thus, the question before this court is whether plaintiffs satisfy the eligibility requirements of Section (A)(1) of LSA-R.S. 33:2218.2.[1]
*513 Section (A)(1) of LSA-R.S. 33:2218.2 requires that the police officer (as specifically described in Section (C)) devote his full working time to law enforcement and further requires that for those employees hired after March 31, 1986, the officer seeking supplemental pay be POST-certified as provided in LSA-R.S. 40:2405. Mayo, 98-1864 at p. 9, 745 So.2d at 193-194. Under the clear language of this statute, there is no requirement that plaintiffs, all of whom were hired before the operative date of March 31, 1986, fulfill the additional requirement of POST certification. Thus, their lack of POST certification could not serve as the basis for denial of their | ^claims for state supplemental pay under LSA-R.S. 33:2218.2(A)(1).
Nonetheless, on appeal, the Board of Review argues that LSA-R.S. 40:2405(0) is controlling over LSA-R.S. 33:2218.2(A)(1) and that plaintiffs were not entitled to supplemental pay under the “grandfather” clause in LSA-R.S. 40:2405(0), because none of them were actually receiving supplemental pay prior to January 1, 1986, the operative date in that statute.
Louisiana Revised Statute 40:2405 governs POST certification, and Section (A) of that statute provides that “any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment.”[2] (Emphasis added). Section (B) of LSA-R.S. 40:2405 further provides that state supplemental pay will be contingent upon POST certification for certain officers as follows: “the receipt of supplemental pay from the municipal police officers fund ... shall be contingent upon the recipient’s beginning employment as a peace officer after January 1, 1986, successfully completing a council-approved training program, and passing the council-approved examination within one calendar year from date of initial employment." Finally, Section (C) exempts certain officers from JjPOST certification as follows: “Peace officers employed as such prior to January 1, 1986, may continue their employment and their receipt of supplemental pay without compliance with the provisions of this Section.”
On appeal, the Board of Review argues that this court should infer from the wording of LSA-R.S. 40:2405(C), allowing peace officers employed prior to January 1, 1986 to “continue ... their receipt of supplemental pay” (emphasis added) without obtaining POST certification, that those officers who, although eligible, were not actually receiving supplemental pay *514 prior to January 1, 1986 must comply with the requirements of LSA-R.S. 40:2405(A) and obtain POST certification to be eligible for state supplemental pay.
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of government. Grant v. Grace, 2003-2021, p. 4 (La.4/14/04), 870 So.2d 1011, 1013. However, the starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; State Civil Service Commission v. Department of Public Safety Director, 2003-1702, p. 5 (La.4/14/04), 873 So.2d 636, 640. 'Moreover, laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the same subject. Thus, in interpreting statutes on the same subject matter, the court will give harmonious effect to all acts on a subject when reasonably possible. Grant, 2003-2021 at pp. 4-5, 870 So.2d at 1014.
At the outset, we note that the interpretation of LSA-R.S. 40:2405(C) suggested by the Board of Review ignores the language of LSA-R.S. |s40:2405(B) establishing who must obtain POST certification to be eligible for state supplemental pay. Specifically, by the clear wording of LSA-R.S. 40:2405(B), the requirement that the recipient of state supplemental pay be POST-certified applies only to peace officers hired after January 1, 1986. Additionally, by giving Section (C) the adverse inference suggested by the Board of Review (i.e., that peace officers employed pri- or to January 1, 1986, who were eligible for state supplemental pay, but who for whatever reason were not actually receiving such pay, are now required to comply with the provisions of this Section and obtain POST certification in order to obtain state supplemental pay, while their counterparts who had actually been receiving such pay as of January 1, 1986 would not be required to obtain such certification), this court would then be negating, at least in part, the clear and direct language of LSA-R.S. 33:2218.2(A)(1) that specifically states that only those police officers hired after March 31, 1986 shall be required to obtain POST-certifieation to be eligible for state supplemental pay. In essence, the interpretation of LSA-R.S. 40:2405(C) suggested by the Board of Review would impose an additional requirement to LSA-R.S. 33:2218.2(A)(1) not included by the legislature, ie., that officers hired prior to March 31, 1986 who were not already receiving state' supplemental pay would be required to obtain POST certification to be eligible for state supplemental pay. The clear wording of LSA-R.S. 33:2218.2(A)(1) mandates against such a requirement.
The strained reading of LSA-R.S. 40:2405(0) suggested by the Board of Review, requiring the application of an adverse inference and ignoring the specific language of LSA-R.S. 40:2405(B) and LSA-R.S. 33:2218.2(A)(1), is simply untenable. A more reasonable interpretation LSA-R.S. 40:2405(0 (which can be garnered from the clear wording of the statute alone) is that 19this statute simply ensures that those peace officers hired prior to January 1, 1986 who were already receiving state supplemental pay on that date would still be entitled to that pay. Revised Statute 40:2405(0 simply does not address the factual situation of eligibility for state supplemental pay for those officers hired prior to January 1, 1986, who, although eligible, were not receiving state supplemental pay at that time.
*515 Moreover, this plain reading of LSA-R.S. 40:2405(0 would not conflict in anyway with the clear language of LSA-R.S. 33:2218.2(A)(1), which mandates that only those police officers hired after March 31, 1986 are required to receive POST certification to be eligible for state supplemental pay.[3]
In interpreting these statutes in this manner, we conclude that LSA-R.S. 40:2405(0) clearly has no application to the stipulated factual situation herein. Rather, LSA-R.S. 33:2218.2(A)(1) is the applicable statute, and its application herein clearly provides that plaintiffs are entitled to state supplemental pay. Because plaintiffs were employed as police officers prior to March 31, 1986, they were not required to obtain POST certification as a requisite for state supplemental pay eligibility. Accordingly, we find no error in the judgment of the district court which reversed the Board of Review’s denial of plaintiffs’ applications for state supplemental pay on the basis that plaintiffs were not POST certified.
| ^CONCLUSION
For the above and foregoing reasons, the August 19, 2003 judgment of the district court is affirmed. Costs of this appeal in the amount of $360.78 are assessed against the Louisiana Department of Public Safety and Corrections, Municipal Officers’ Supplemental Pay Board of Review.
AFFIRMED.
DOWNING, J., concurs with reasons.
FITZSIMMONS, J., concurs without reasons.

. We note that Section (A)(2)(a) of LSA-R.S. 33:2218.2 has been declared unconstitutional by the Louisiana Supreme Court. State Civil Service Commission v. Department of Public Safety Director, 2003-1702, pp. 12-18 (La.4/14/04), 873 So.2d 636, 644-648. Specifically, the Supreme Court determined that Section (A)(2)(a), which provided for state supplemental pay for officers employed by the state or it political subdivisions, was unconstitutional because it infringed upon the constitutional powers of the State Civil Service Commission to regulate compensation for state classified employees. State Civil Service Commission, 2003-1702 atpp. 7-8, 849 So.2d at 641-642, pp. 12-18, 849 So.2d at 644-648.
In the instant case, however, plaintiffs are not state classified employees, see Lafleur v. City of New Orleans, 2001-3224, p. 4 (La. 12/4/02), 831 So.2d 941, 943 (generally, officers of the New Orleans Police Department are included within the classified city civil service), and they rely upon Section (A)(1) of LSA-R.S. 33:2218.2, governing supplemental pay for municipal police officers, rather than Section (A)(2)(a). See also LSA-Const. art. 6, sec. 14(B)(5), LSA-Const. art. 7, sec. 10(D)(3), and New Orleans Firefighters Association v. Civil Service Commission of City of New Orleans, 422 So.2d 402, 409-411 (La.1982) (State supplemental pay for firemen *513 was outside the city civil service commission's authority and did not infringe on the commission’s powers where LSA-Const. art. 6, sec. 14 granted the legislature the power to provide for minimum wages for firemen and municipal policemen).

. A "peace officer” is defined in LSA-R.S. 40:2402(1) as:
[A]ny full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
Subsection (l)(b) of LSA-R.S. 40:2402 further provides that "peace officer” shall also include "those sheriff's deputies whose duties include the care, custody, and control of inmates.” The parties herein have not raised the issue of whether plaintiffs meet the definition of “peace officer” so as to be subject to the requirement of POST certification.

. We do note a potential conflict between LSA-R.S. 33:2218(A)(1) (requiring "police officers” hired after March 31, 1986 to obtain POST certification as a requisite for eligibility for state supplemental pay) and LSA-R.S. 40:2405(8) (which requires that a "peace officer” hired after January 1, 1986 obtain POST certification as a requisite for eligibility for state supplemental pay). To the extent that an officer would meet the definition of both "police officer” and "peace officer” and would have been hired between January 2, 1986 and March 31, 1986, these two statutes suggest a different result regarding eligibility for state supplemental pay. However, because the parties herein have stipulated that plaintiffs were all hired prior to January 1, 1986, this potential conflict is not at issue herein and we specifically do not decide this issue here.