Dear Mr. LeDuff:
On behalf of the Municipal Police Supplemental Pay Board, you ask this office to advise whether the provisions of La.R.S. 33:2218.2 require radio dispatchers employed by municipal police departments to complete and pass the POST[1] training program, as provided in La.R.S. 40:2405, in order to be eligible to receive state supplemental pay. For the following reasons, more fully explained below, it is the opinion of this office that radio dispatchers hired after March 31, 1986 must be POST-certified in order to receive state supplemental pay.
La.R.S. 33:2218.2(A)(1) sets forth the eligibility requirements for entitlement to state supplemental pay relative to municipal police officers. Under La.R.S. 33:2218.2(A)(1), a municipal police officer "hired after March 31, 1986" must have "completed and passed a council-certified training program as provided in La.R.S. 40:2405" in order to be entitled to receive state supplemental pay.
A "municipal police officer" referenced in La.R.S. 33:2218.2(A)(1) includes a person employed as a full-time "radio dispatcher." La.R.S. 33:2218.2(C)(5) states that ". . .a municipal. . .police officer entitled to additional pay out of state funds shall mean and refer to. . .any person employed on a full-time basis by a municipality . . . whose compensation. . .is paid solely from municipal. . .funds for full-time work as a radio dispatcher."
This office interprets La.R.S. 33:2218.2 to entitle a municipal police department radio dispatcher to supplemental pay where the radio dispatcher works in that *Page 2 
capacity on a full-time basis, is compensated solely by municipal funds, and if he is hired after March 31, 1986, he must obtain POST certification.
There is jurisprudential support for our interpretation of La.R.S. 33:2218.2. At issue in the case of Mayo v. Municipal PoliceBoard of Review, 98-1864 (La. App. 1st Cir. 11/5/99),745 So.2d 188, was the eligibility of a municipal radio dispatcher [Mayo] to receive state supplemental pay. The court held "Mayo meets the eligibility requirements of LSA-R.S. 33:2218.2. It is undisputed that Mayo is a full-time employee, POST-certified, and all of her compensation out of public funds is paid solely from municipal funds for full-time work as a radio dispatcher."
Further, in the case of Thomas v. Louisiana Department ofPublic Safety and Corrections, 2003-2271 (La. App. 1st Cir. 9/17/04)887 So.2d 509, the appellate court interpreted La.R.S. 33:2218.2 to mean that radio dispatchers employed prior to March 31, 1986 were not required to obtain POST certification in order to be eligible for state supplemental pay. By implication, the Thomas
case supports an interpretation of La.R.S. 33:2218.2 to mean that radio dispatchers employed after March 31, 1986 must obtain POST certification in order to receive supplemental pay.
It is the opinion of this office that a municipal police department radio dispatcher meets the eligibility requirements of La.R.S. 33:2218.2 for receipt of state supplemental pay where he is employed as a radio dispatcher on a full-time basis, is paid solely from municipal funds, and if hired after March 31, 1986, obtains POST certification.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: ______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] POST is the acronym for the Peace Officer Standards and Training Council.