Dear Mr. Roper:
You have requested an opinion of this office regarding the ability of the East Baton Rouge Metropolitan Council's ability to set the salaries of Baton Rouge City Court Judges. Relevant to your request are the following provisions of the Louisiana Revised Statutes and the Plan of Government for the City of Baton Rouge:
La.R.S. 13:1874 provides, in pertinent part:
(B) City court judges where the population of the territorial jurisdiction of the court is 100,000 or more shall receive the same salary as the district court judge of the parish wherein the city is located, the whole of which shall be paid by the city, and in such cases, the fees collected by the clerk of the city court in all civil cases shall be paid into the general fund of the city.
(Emphasis added). La.R.S. 13:1875 provides, in pertinent part:
(2) The judges of the city court of Baton Rouge shall each receive an annual salary to be determined by the city council of the city of Baton Rouge from time to time and fixed in accordance with the applicable provisions of the plan of government for the parish of East Baton Rouge and the city of Baton Rouge. Such salaries shall not be decreased during their term of office and shall be fixed at not less than ten thousand dollars per annum payable monthly.
(Emphasis added). La.R.S. 13:2701 provides, in pertinent part: *Page 2 
(A) The compensation of the city judges . . . of the city court of the city of Baton Rouge shall be fixed and paid as provided in or in accordance with the applicable provisions of the plan of government for the parish of East Baton Rouge and the city of Baton Rouge, as amended from time to time.
(Emphasis added). Finally, Section 11.04 of the Plan of Government for the City of Baton Rouge, Parish of East Baton Rouge provides:
. . . The Judges of the City Court shall receive such salary as the Council may from time to time determine, but such salary shall not be decreased during the tenure of their office and moreover, shall not be more than the salary of a district court Judge. The annual salary of the City Judges shall be fixed by the Council by ordinance adopted at least one year prior to the commencement of the term of the City Judges whose compensation is to be affected thereby, and if no such ordinance be adopted, the compensation for the City Judges shall remain as previously fixed by the Council. . . .
(Emphasis added). When considering all of the above statues together, a question has arisen regarding whether the Metro Council may set the Baton Rouge City Court Judges salaries at any level it chooses or whether the salaries must match those of district court judges in the same parish. If La.R.S. 13:1874 is applicable, then Baton Rouge City Court Judges must be paid the same salary as district court judges in East Baton Rouge Parish. If the legislature granted the district court judges an increase in salary, the Metro Council would be compelled to do the same for judges of the Baton Rouge City Court.[1] On the other hand, if La.R.S. 13:1875 is applicable, the Metro Council has the discretion to fix the salaries of Baton Rouge City Court Judges (subject to a $10,000 minimum) without regard to the salaries of district court judges.
The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. LeBreton v. Rabito, 97-2221 (La. 7/8/98) 714 So.2d 1226, 1229 (citing State ex rel. Bickman v. Dees,367 So.2d 283 (La. 1978); Esteve v. Allstate Ins. Co., 351 So.2d 117
(La. 1977)). We are unable to find a way to harmonize La.R.S. 13:1874 and 1875. Either statute could apply to Baton Rouge City Court Judges: La.R.S. 13:1874 could apply because, according to your office, city court judges in Baton Rouge have jurisdiction over an area where the population of the territorial jurisdiction of the court is 100,000 or more. La.R.S.13:1875 could apply as it was written *Page 3 
specifically for Baton Rouge. However, the two statutes cannot be applied together as they dictate different outcomes regarding the Metro Council's authority to set city court judges' salaries.
It seems to us that La.R.S. 13:1875(2) is, by its plain language, more specific to Baton Rouge as it cannot apply to any other city. Further, the heading for La.R.S. 13:1874 is "[c]ompensation of judges in general" whereas the heading for La.R.S. 13:1875 is "[c]ompensation of city judges; particular courts." Although classification and organization of sections of Revised Statutes and headings to those sections do not constitute part of the law, they provide some aid in interpreting legislative intent when language of statute is unclear. See La.R.S. 1:12,1:13; see also State on Behalf of Jones v. Mallet, 97-611 (La. App. 3 Cir. 12/17/97), 704 So.2d 958, 960. Finally, by concluding that La.R.S.13:1875 is the applicable statute, La.R.S. 13:2071 and Section 11.04 of the Plan of Government for the City of Baton Rouge (both cited above) are also given effect. This is important because when interpreting statutes on the same subject matter, courts will give harmonious effect to all acts on a subject when reasonably possible. Thomas v. La. Dept. of PublicSafety Corrections, 2003-2271 (La. App. 1 Cir. 9/17/04), 887 So.2d 509,514.
Relying on the rule of statutory construction cited above, it is the opinion of this office that La.R.S. 13:1875 is the applicable statute for compensation of city court judges in Baton Rouge.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
Lindsey K. Hunter
Assistant Attorney General
JDC/LKH/chb
[1] Pursuant to La.R.S. 13:1874.1, the salary of a judge of a city court cannot exceed the salary of a district court judge of the judicial district in which the city court is located.