374 So.2d 1259 (1979)
STATE of Louisiana
v.
Edna JULUKE.
No. 64327.
Supreme Court of Louisiana.
September 4, 1979.
*1260 Paul L. Katz, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Julie C. LeBlanc, Asst. Dist. Atty., for plaintiff-relator.
CALOGERO, Justice.
Defendant was charged by bill of information with forgery, a violation of R.S. 14:72. The bill alleged that she had forged, with the intent to defraud, the signature of "Mrs. Wardell Williams" on a credit sales slip for merchandise from Sears, Roebuck, Inc. Defense counsel filed a motion to quash the information on the ground that the facts as alleged by the state indicated that defendant should have been charged with the unauthorized use of a credit card, a misdemeanor, and not with forgery, a felony punishable by a maximum of ten years at hard labor. The trial court sustained the motion to quash and dismissed the prosecution. We granted writs on application of the state to review the trial court's ruling. State v. Juluke, 369 So.2d 1367 (La. 1979).
R.S. 14:4(1) provides that conduct which is criminal under several articles may be prosecuted, in the discretion of the district attorney, as follows:
"Prosecution may proceed under either provision, in the discretion of the district attorney, whenever an offender's conduct is:
(1) Criminal according to a general article of this Code or Section of this chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; . . .."
Pursuant to this statute, the district attorney has the discretion to proceed under either a general criminal provision or a special one when a defendant's conduct violates both articles. State v. O'Blanc, 346 So.2d 686 (La. 1977).
The statute under which the defendant was charged, R.S. 14:72, provides that forgery is "the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy." The specific statute under which defendant contends that she should have been charged, R.S. 14:67.3, defines the unauthorized use of a credit card as follows:
"Whoever with intent to defraud knowingly uses or authorizes another person to use a revoked or forged credit card or makes reference by number or other description to a non-existent credit card or whoever steals or wrongfully appropriates or uses without authority a credit card belonging to another person and thereby obtains credit or the privilege of making a deferred payment for the purchase or acquisition of money, goods or services shall be guilty of theft and shall be subject to the penalties provided for the crime of theft in R.S. 14:67...."
In brief the state contends that defendant attempted to obtain merchandise from Sears, Roebuck, Inc. by presenting a stolen credit card and that she forged the signature of Mrs. Wardell Williams on the sales purchase agreement. Her conduct as described by the state in brief and if proved at trial would be criminal under either R.S. 14:72 or R.S. 14:67.3. By signing the name of the owner of the card to the sales slip, defendant would have violated R.S. 14:72.
*1261 Although the state might have chosen to prosecute the defendant under R.S. 14:67.3 for her alleged conduct in attempting to use a stolen credit card, it was within the discretion provided the district attorney by R.S. 14:4 to charge her under the general forgery statute.
Defendant in brief argues that even if defendant is properly charged under R.S. 14:72, that statute is unconstitutional on its face because the possible sentence of ten years is excessive when a defendant has forged an instrument for a small amount, as in this case. Defendant argues that if defendant is sentenced to ten years at hard labor for forging an instrument worth only $13.00 the punishment will be excessive.
Inasmuch as the penalty for a violation of R.S. 14:72 is simply a fine of not more than five thousand dollars or imprisonment of not more than ten years with or without hard labor (sentence subject to suspension) and because defendant has not yet been sentenced, the issue of whether a sentence imposed under this statute is excessive is more appropriately to be determined after a sentence has been imposed. When and if the defendant in this case is found guilty and is sentenced, she may then seek appellate review of the sentence on the grounds of excessiveness. State v. Sepulvado, 367 So.2d 762 (La. 1979).

Decree
For the foregoing reasons, the ruling of the trial court sustaining defendant's motion to quash is reversed and the case is remanded for action not inconsistent with this opinion.
RULING REVERSED; CASE REMANDED.