596 So.2d 817 (1992)
STATE of Louisiana
v.
Fred PIAZZA.
No. 91-KK-2256.
Supreme Court of Louisiana.
March 2, 1992.
Rehearing Granted in Part April 30, 1992.
*818 Richard Phillip Ieyoub, Atty. Gen., Duncan S. Kemp, III, Dist. Atty., Clara E. Toombs, Page M. Mitchell, Asst. Dist. Attys., for applicant.
Ronald S. Macaluso, Russell W. Rudolph, Seal, Macaluso & Ross, Hammond, for respondent.
LEMMON, Justice.
The State has appealed directly to this court under La. Const. art. V, § 5(D) from a judgment of the district court quashing defendant's indictment for violation of La. Rev.Stat. 14:202 and declaring Section 202 unconstitutional. We reverse, holding that the conflicting penalty provisions of Section 202 do not render the statute unconstitutional, but may be construed together so as to give effect to both provisions, resolving any conflict in favor of the person on whom the penalty is imposed by applying the lesser penalty.
Defendant was indicted for violating La. Rev.Stat. 14:202, which defines the crime of misapplication of construction contract payments. The indictment charged him with misapplying funds that he received from a building owner between October 23, 1987 and June 27, 1988 for the purpose of settling claims for labor and materials due under a construction contract. An amended indictment alleged that the misapplication involved funds of more than $5,000.
Defendant filed a motion to quash the indictment on various grounds. One ground asserted was that the statute was unconstitutional because the penalty provision was ambiguous.
The district judge declared La.Rev.Stat. 14:202 unconstitutional and quashed the indictment under that statute. The judge noted that Section 202 had been amended twice in 1986 and that the two amended statutes, both of which purported to be in effect at the time of the alleged conduct in this case, provided greatly differing penalty ranges. The judge considered State v. Bosworth, 373 So.2d 152 (La.1979), which held that when a criminal statute provides two conflicting penalties, one punishing the offender for commission of a felony and the other for commission of a misdemeanor, the defendant upon conviction should be afforded the advantage of the lesser punishment. However, the judge could not determine which of the conflicting penalties provided the lesser punishment, since the minimum and maximum penalties and penalty ranges varied considerably according to the amount of the misapplication determined by the jury. The judge therefore ruled that the statute was unconstitutional because it failed to provide the clarity and specificity, as to the penalty, required for the validity of a criminal statute.
The State thereafter applied for certiorari, but this court recognized the State's right to an appeal and docketed the case as an appeal. 588 So.2d 92.
Prior to 1986, La.Rev.Stat. 14:202 defined the crime of misapplication of construction contract payments and provided a penalty of imprisonment for not less than ninety days or more than six months and a fine of not less than $100 or more than $500. By La.Acts 1986, No. 625, the Legislature amended Section 202, maintaining the same penalty when the amount misapplied is *819 $1,000 or less, but providing for a greater penalty when the amount misapplied is more than $1,000. In the latter case the amendment provided a penalty of imprisonment of not less than ninety days or more than six months and a fine of not less than $100 or more than $500 for each $1,000 in misapplied funds, up to a maximum imprisonment of five years.[1]
During the same session the Legislature enacted La.Acts 1986, No. 1040, without mentioning Act 625. Act 1040 reenacted Section 202 in its entirety. The penalty paragraphs contained the same provisions as Act 625 when the amount misapplied is less than $1,000. However, Act 1040 provided for imprisonment of not more than two years and a fine of not more than $2,000 when the amount misapplied is between $1,000 and $4,999, and further provided for imprisonment of not more than five years and a fine of not more than $5,000 when the amount misapplied is $5,000 or more. Act 1040 did not provide any minimum fine or imprisonment for misapplication of amounts of $1,000 or more.[2]
Act 625 was passed finally by the Legislature on June 17, 1986, was signed by the Governor on July 6, and was published in the official journal on August 8. Act 1040 was passed finally by the Legislature on June 30, 1986, was signed by the Governor on July 17, and was published in the official journal on August 19. Both acts became effective on August 30, 1986, and purportedly remained in effect at the time of the charged misconduct.[3] Thus, defendant was charged with a crime defined identically by two separate acts passed during the same legislative session, but the two acts contained two very different penalties.
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. The rules of statutory construction applicable in this case are those pertinent to conflicting legislative acts and to repeal by implication.
The legislative branch is presumed to intend to achieve a consistent body of law. 1A N. Singer, Sutherland Statutory Construction § 23.09 (Sands 4th ed. 1986). When a legislature enacts a statute without mention of existing statutes on the same subject matter, the later act may, by necessary implication, effect the repeal of the preexisting law. However, there is a presumption against implied repeal, based on the theory that the legislature envisions the whole body of law when it enacts new legislation. Id. at § 23.10. Thus, a court should give harmonious effect to all acts on a subject when reasonably possible. However, when two acts are clearly irreconcilable, are clearly repugnant as to essential matters relating to the acts, and are so inconsistent that the two cannot have concurrent operation, then the presumption against implied repeal falls, and the later statute governs. Id.
Accordingly, when inconsistent amendments to the same statute have been adopted at the same legislative session, the court should attempt to construe the statute so as to give effect to both amendments consistent with legislative intent. Only when it is impossible to give effect to both amendments should the court allow the time of passage of the acts to be the controlling factor. Allowing the later act to control effectively recognizes a repeal by implication of the earlier act, and such recognition of a repeal by implication should occur only when the acts passed in the same session are so repugnant that they cannot stand together.
The present case, therefore, does not turn on whether either concurrently existing version of La.Rev.Stat. 14:202 was unconstitutional. Rather, the determinative question is whether the two statutes can be reconciled consistent with their legislative *820 intent, or if reconciliation cannot be accomplished, whether the latest enactment should be applied. Inasmuch as the present case involves construction of the penalty provision of a criminal statute, the principle of lenity also enters the analysis.
The principle of lenity developed on the basis that a person should not be criminally punished unless the law has provided a fair warning of what conduct will be considered criminal. 3 N. Singer, at § 59.04. The rule does not merely reflect a convenient maxim of statutory construction, but is based on the fundamental principle of due process that no person should be forced to speculate whether his conduct is prohibited. Dunn v. United States, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979). Questions concerning the ambit of a criminal statute should be resolved in favor of lenity. Huddleston v. United States, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974). The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. Bifulco v. United States, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1989); State v. Bosworth, 373 So.2d 152 (La.1979).
The present case does not involve a conflict in the portion of the criminal statute which defines the conduct that will be considered criminal, but rather involves a conflict in the penalty portion of the statute. Nevertheless, a necessary concomitant of the due process requirement of certainty in the definition of criminal conduct is the requirement that the penalty portion of a statute be definite. State v. Shondel, 22 Utah 2d 343, 453 P.2d 146 (1969); compare State v. LeCompte, 406 So.2d 1300 (La.1981) (on original hearing). When the statutory penalty for a crime is indefinite, the accused will be forced to speculate on the range of sentence to which he will be exposed upon conviction and will be unable to intelligently evaluate developments in the plea bargaining process. To resolve the conflict when a criminal statute provides inconsistent penalties, or when two or more interpretations are possible, the rule of lenity directs the court to impose the least severe penalty. 3 N. Singer, supra.
In the present case the 1986 Louisiana Legislature clearly intended to create a felony and to provide a graduated penalty range when the amount of misapplied payments exceeds $1,000. While the Legislature in both Act 625 and Act 1040 maintained the misdemeanor status and penalty for misapplication of amounts of less than $1,000, both amendments added greater penalties for larger amounts. The amendments are inconsistent as to the applicable penalty range, varying according to the amount of misapplication found by the trier of fact, and one cannot definitely determine which amendment generally provides a lesser penalty.[4] Nevertheless, the amendments can be reconciled by giving some effect to both so as to carry out the intent of the Legislature, while also applying the principle of lenity.
We therefore proceed to construe the penalty provisions of Acts 625 and 1040 together, considering both legislative intent and lenity. Inasmuch as Act 1040 does not provide a minimum term of imprisonment when the misapplied amount is $1,000 or more, the principle of lenity, applied to the construction of the two amendments, mandates that there be no minimum term of imprisonment for violation of Section 202. Because the maximum term of imprisonment is five years under both acts, the maximum term of imprisonment for misapplication of $5,000 or more is five years. And because the term of imprisonment varies in the two acts for amounts between $1,000 and $5,000, the sentencing judge has the discretion to impose a sentence between zero and five years, as long as the sentence does not exceed the maximum term of imprisonment to which the accused *821 would be exposed under the graduated terms of either act.
As to the fine, Act 1040 does not provide a minimum fine, but does provide a maximum fine of $5,000, while Act 625 provides a minimum fine of $100 and a maximum fine of $500 for each $1,000 misapplied, but no maximum total fine. Under the rule of lenity, we apply the zero minimum and $5,000 maximum in construing the two acts. The sentencing judge has the discretion to impose a fine between zero and $5,000, as long as the fine does not exceed the maximum amount to which the accused would be exposed under the graduated terms of either act.
Defendant contends that applying the minimum penalty from one amendment and the maximum from the other is judicial rewriting of the legislative enactment. Defendant argues that the vagueness created by the inconsistent amendments requires the court to refuse to apply either. The result would be dismissal of the charges against him because of the absence of a valid statute under which he could be prosecuted.
As noted above, in the event of enactment of conflicting amendments to a statute during the same legislative session, the court should either reconcile the statutes consistent with legislative intent or apply the latest amendment. In no case should both legislative enactments be rejected unless both are independently unconstitutional on other grounds. Our decision in this case to give effect to both amendments consistent with legislative intent does not constitute judicial rewriting of the statute, but is an accepted method of statutory construction reflective of the intent of the lawmaker.
Accordingly, the judgment of the district court declaring La.Rev.Stat. 14:202 unconstitutional is reversed, the motion to quash is denied, and the case is remanded to the district court of further proceedings consistent with this opinion.
PER CURIAM.
Defendant's application for rehearing is granted for the sole purpose of amending our original opinion to correct an error in referring to the maximum penalties for certain amounts of misapplied payments.
Act 625 provided a maximum penalty of imprisonment of not more than six months for each $1,000 in misapplied funds, up to a maximum of five years. Act 1040, enacted during the same session, provided a maximum penalty of imprisonment of not more than two years for misapplied amounts of $1,000 to $4,999 and of not more than five years for misapplied amounts of $5,000 or more.
In reconciling the two provisions on original hearing, this court, applying the principle of lenity, held that for amounts between $1,000 and $5,000 "the sentencing judge has the discretion to impose a sentence between zero and five years, as long as the sentence does not exceed the maximum term of imprisonment to which the accused would be exposed under the graduated terms of either act." However, the principle of lenity also dictates that for amounts over $5,000 the maximum penalty under Act 625 applies, mandating a maximum term of imprisonment of no more than six months per $1,000 of misapplied funds, up to a maximum term of five years. In effect the sentencing judge must consider the least severe maximum term of imprisonment under either act for the particular amount of payments found to be misapplied.[1]
As to the maximum fine, the sentencing judge should likewise consider the least severe maximum fine under either act for the particular amount of payments to be misapplied.
NOTES
[1] Act 625 also contained a requirement that the offender transfer the amount of the misapplied payments, plus legal costs, to the person whose construction contract payments were misapplied.
[2] Act 1040 also contained a restitution provision.
[3] By La.Acts 1990, No. 690, the Legislature reenacted Section 202 in its entirety.
[4] For example, if the amount misapplied is found to be $2,000, the minimum imprisonment is 180 days (Act 625) or zero (Act 1040), and the maximum imprisonment is one year (Act 625) or two years (Act 1040). At that level, therefore, Act 625 has the lowest maximum, but Act 1040 has the lowest minimum.
[1] Thus, when the misapplied amount is $3,000, the maximum term of imprisonment is eighteen months under Act 625. When the misapplied amount is $4,000, the maximum term of imprisonment is two years under both acts. And when the misapplied amount is $6,000, the maximum term of imprisonment is three years under Act 625.