Dear Mr. Lynch:
Your office has requested an opinion on the following questions:
 1. Whether the practice, by some automobile dealers, of passing on to consumers, the tax assessed against the dealer's inventory required by R.S. 47:1961.2, is a restraint of trade;
 2. Whether dealers should be prohibited from labeling the tax to consumers as an "ad valorem" tax where some dealers are receiving refunds of the tax from the taxing authority;
 3. Whether dealers should be entitled to excess collections, i.e. refunds from taxing authority;
 4. Whether it is legal for dealers to charge a tax to purchasers under the guise of La. R.S. 47:1961.2.
Restraint of Trade
Restraint of trade is defined as "'unreasonable restraints of trade' which are illegal per se restraints interfering with free competition in business and commercial transactions which tend to restrict production, affect prices, or otherwise control market to detriment of purchasers or consumers of goods and services or those restraints of trade, ordinarily reasonable, but made unreasonable because accompanied with specific intent to accomplish equivalent of a forbidden restraint." Black's Law Dictionary, 6th ed. 1990.
The "restraint of trade" law of Louisiana falls under the Monopolies section of the Trade and Commerce Law (Title 51). Restraint of trade is referred to in connection with "[e]very contract, combination in the form of trust or otherwise, or conspiracy." La. R.S. 51:122. Accordingly, it is our opinion that this issue is not a restraint of trade question.
Labeling the Tax "Ad Valorem"
The tax imposed by La. R.S. 47:1961.2 is referred to as an "ad valorem" tax, and is a tax on "inventory." An "ad valorem" tax is defined as a "duty . . . laid in the form of a percentage on the value of the property." A specific tax is a "fixed sum on each article of a class without regard to its value." Black's Law Dictionary, 6th ed. 1990.
Our research indicates that most automobile dealers are charging a "percentage" of the sale price of the vehicle, which would indicate an "ad valorem" tax. On the other hand, if the dealers are charging a flat amount, i.e. the same assessment on each vehicle no matter the value, it should not be labeled an "ad valorem" tax.
Therefore, it is our opinion that if dealers are allowed to pass the tax on to consumers, based on a percentage of the value of the vehicle sold, then, it is permissible to label it an "ad valorem" tax.
Refunds from taxing authority
Recent legislation authored by Representative Kip Holden of Baton Rouge, Acts 1991, No. 703, has now been incorporated, by amendment, into La. R.S. 47:1961.2 (D). The amendment changed the last sentence of subdivision D, which formally read "the sheriff or tax collector shall refund or credit to the dealer's account for the succeeding year any overpayment received." That last sentence now reads "the Sheriff or tax collector shall apportion any overpayments among the taxing bodies for which he collects."
Therefore, dealers are no longer entitled to a refund of excess collection of the tax passed on to consumers.
Legality of Passing Inventory Tax on to Purchaser
La. R.S. 47:1961.2A clearly states that the legislature's intention in enacting this statute was to better facilitate the collection of ad valorem taxes on motor vehicles held in inventory which are due and payable annually, by allowing collection on a monthly basis. In no instance does the legislature indicate that it intends to "shift" this tax from the dealer, who has been paying the tax for years, to the purchasers of vehicles found in the dealer's inventory.
The statute further defines "motor vehicles held in inventory" as "all motor vehicles owned by a motor vehicle dealer." At the time of purchase by a consumer, the vehicle is owned by the dealer, not the consumer.
Furthermore, the fact that dealers are informing purchasers that the dealer is passing on a tax for which the dealer himself has been assessed, or which he has already paid at the time of purchase by the consumer, implies that the dealer himself recognizes that the inventory tax is designed to be paid at the time of purchase by the dealer and not the consumer.
In interpreting the meaning of statutes, legislative intent is a fundamental concern. State v. Piazza, 596 So.2d 817 (La. 1992). The wording of the statute shall be read in context and construed according to common and approved usage of the language. La. R.S. 1:3. When a law is clear, unambiguous, and its application does not lead to absurd consequences, then the law shall be applied as written and no further interpretation may be made. La. C.C. Act. 9.
In comparison to the tax at issue, when the legislature enacted Louisiana's Sales Tax Law, 47:301, et. seq., it specifically authorized the dealer to collect the tax from the purchaser or consumer. La. R.S. 47:304A. Further, in comparison, in levying the gasoline tax, the legislature instructed that the "advertised price of gasoline and other motor fuels sold at the pump shall include all taxes levied and collected on such fuel." La. R.S. 47:726.1. Again, this was a clear intention on the part of the legislature to allow the tax to be passed on to the purchaser or consumer.
In the case of the inventory tax in question, the legislature has not indicated that it intends for the tax to be passed on to the consumer. If the legislature had so intended, it would have said so.
Accordingly, it is our opinion, that the legislature in no way intended that the inventory tax which as been remitted annually by dealers for a number of years, should now be passed on to purchasers or consumers; but simply, the legislature only meant to facilitate motor vehicle dealers in the payment of these taxes by allowing monthly collection, rather than annual.
If you have any questions or I can assist you further, please contact me at 504-342-9638.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: TAMERA R. VELASQUEZ Chief, Consumer Protection
TRV/yb