972 So.2d 323 (2008)
STATE of Louisiana
v.
Willis THOMAS.
No. 2007-KP-0634.
Supreme Court of Louisiana.
January 11, 2008.
*324 PER CURIAM.
Granted. The judgment of the district court granting respondent's motion for suspension of sentence and probation is vacated, respondent's sentence of life imprisonment at hard labor is reinstated, and this case is remanded to the district court for purposes of once more rendering that sentence executory.
When the legislature added the offense of second degree murder to the Criminal Code and provided a sentence of life imprisonment at hard labor without eligibility for parole, probation, or suspension of sentence for 20 years, 1973 La. Acts 111, it did not, by negative implication, give an inmate the right to apply for suspension of sentence and probation after serving 20 years of his life term, or repeal La.C.Cr.P. art. 893, 1966 La. Acts 310, to the extent that it expressly denies a trial court the authority to suspend a sentence after a defendant has begun to serve it. Repeals by implication are not favored in law, State v. Piazza, 596 So.2d 817, 819 (La.1992)("[T]here is a presumption against implied repeal, based on the theory that the legislature envisions the whole body of law when it enacts new legislation."), and Louisiana law has long provided that a court may amend a sentence within the legal limits of its discretion only "prior to the beginning of execution of the sentence." La.C.Cr.P. art. 881(A); see also former La. R.S. 15:526 (1950) (same); 1928 La.C.Cr.P. art. 526 (same).
Although 1973 La. Acts 111, § 4 specifically provided that "[a]ll laws or parts of laws in conflict herewith are hereby repealed," the sentencing provisos in La. R.S. 14:30.1 and La.C.Cr.P. art. 893 did not, in fact, conflict but were complementary, the former providing that a defendant convicted of second degree murder would have to serve at least 20 years of his life sentence without eligibility for parole, probation, or suspension of sentence, and the latter providing that in any case he would have to serve the entire term of imprisonment without benefit of suspension of sentence or probation once his sentence became executory. The legislature thereby specifically provided that an offender convicted of second degree murder would have to serve a minimum of 20 years imprisonment at hard labor without regard to any changes in La.C.Cr.P. art. 893 with respect generally to suspension of sentences in felony cases. In fact, La.C.Cr.P. art. 893 has not changed over the years to the extent that it precludes suspension of executory terms of imprisonment in felony cases, and, in any event, only six years after it added second degree murder to the Criminal Code, the legislature then eliminated eligibility for parole, probation, or suspension of sentence altogether from its sentencing provisions. See 1979 La. Acts 74.
CALOGERO, C.J., would grant and docket.
JOHNSON, J., dissents with reasons.
*325 JOHNSON, Justice, dissenting.
I dissent from the per curiam opinion vacating the district court's grant of the defendant's motion for suspension of sentence and probation. Contrary to the per curiam opinion, I find that Thomas had the right to apply for suspension of sentence and probation after serving twenty years of his life term.
Defendant, Willis Thomas, was indicted for first degree murder on May 7, 1975. Pursuant to a plea agreement, Thomas pled guilty to second degree murder on November 3, 1975, and was sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence for a period of twenty years. In August of 2006, Thomas filed a motion in the trial court requesting that his sentence be suspended and that he be placed on probation. The trial court granted Thomas' motion, and the State filed the instant writ application.
At the time of the offense, La. R.S. 14:30.1, as enacted by 1973 La. Acts 111 § 1, provided that "[w]hoever commits the crime of second degree murder shall be imprisoned at hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years." Thus, the law in effect at the time of the offense provided that Thomas could be considered for probation after he had served twenty years of the life sentence.
La. C. Cr. P. art. 893 regulates the suspension of sentences and probation in felony cases. The version of La. C. Cr. P. art. 893 which was in effect at the time of the offense provided that "[t]he court shall not suspend a felony sentence after the defendant has begun to serve the sentence." However, 1973 La. Acts 111 incorporated a repeal provision, annulling any prior law that may have prohibited the suspension of such a sentence. 1973 La. Acts 111 § 4 provided that "[a]ll laws or parts of laws in conflict herewith are hereby repealed." In my view, this language implicitly repealed the language of La. C. Cr. P. art. 893 with respect to its prohibition of probation and suspension of sentences after the defendant has begun to serve the sentence. As a result, the enactment of an indeterminate punishment provision by 1973 La. Acts 111 § 1 granted the trial court the authority to suspend a sentence after the defendant has served twenty years of his sentence. Such authority remains intact today, as the legislature's 1987 amendment of La. C. Cr. P. art 893 reads, in pertinent part: "Except as otherwise provided by law, the court shall not suspend a felony sentence after the defendant has begun to serve the sentence."
In my view, Thomas had the right to seek suspension of his sentence and probation from the trial court. Thus, in my opinion, the per curiam opinion errs in vacating the trial court's judgment on the basis that the defendant is precluded from seeking suspension of his sentence.
For the above reasons, I respectfully dissent.