ROBERT A. CHAISSON, Judge.
|2On appeal, the State challenges the ruling of the district court which granted the defendant’s motion to quash the bill of information. For the reasons that follow, we find merit to the State’s arguments and accordingly reverse the judgment of the trial court.

STATEMENT OF THE CASE

On February 24, 2011, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Jamar Fisher, with a violation of LSA-R.S. 14:95(E) “in that he did possess a handgun firearm while in the commission of an Aggravated Assault, a crime of violence as defined by L.R.S. 14:2.” At his arraignment, the defendant pled not guilty. On October 21, 2011, the defendant filed a motion to quash pursuant to LSA-C.Cr.P. arts. 531, 532(6) and 591, alleging that the State’s charging him with a violation of LSA-R.S. [sic] 14:95(E) constituted a double jeopardy violation. He specifically asserted that the | ¡¡dangerous weapon alleged in the aggravated assault was the same firearm he allegedly possessed to justify the violation of LSA-R.S. 14:95(E). The defendant further argued that the same *966 evidence was used to prove both crimes and that all of the facts alleged by the State were identical to prove both the required element of the commission of a crime of violence (using a firearm to commit an aggravated assault) and the possession of the firearm during the crime of violence (possession of the same firearm used in the aggravated assault).
The trial judge conducted a hearing on the defendant’s motion to quash on November 4 and December 14, 2011. After entertaining the arguments of counsel, the trial judge granted the motion to quash on the basis that the defendant was inappropriately charged, not on double jeopardy grounds. The trial judge specifically stated that the defendant should have been charged with aggravated assault and not a LSA-R.S. 14:95(E) violation. The State now appeals that ruling.

LAW AND ANALYSIS

On appeal, the State argues that the trial judge erred by granting the defendant’s motion to quash. The State contends that the trial judge did not assert a recognized legal basis for granting the motion to quash, and the district attorney, not the district court, has control and charge of criminal prosecutions instituted or pending in his or her district. We find merit to these arguments.
In the instant case, the defendant filed his motion to quash based on double jeopardy grounds. Pursuant to LSA-C.Cr.P. art. 532(6) a motion to quash may be granted if trial for the offense charged would constitute double jeopardy. Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. See also LSA-C.Cr.P. art. 591. The guarantee against double jeopardy includes constitutional protections against: 1) a second Lprosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 8) multiple punishments for the same offense. State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068, 1069.
The Double Jeopardy Clause clearly prevents an offender from being convicted of both the underlying offense for a 14:95(E) violation and the 14:95(E) violation itself. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1329. In State in Interest of S.L., 11-883 (La.App. 5 Cir. 4/24/12), 94 So.3d 822, the juvenile was adjudicated delinquent for illegal possession of a handgun by a juvenile, LSA-R.S. 14:95.8, and possession of a firearm while in possession of a controlled dangerous substance, LSA-R.S. 14:95(E). On appeal, the juvenile argued that those adjudications violated double jeopardy. The State conceded this point on appeal and agreed that S.L.’s adjudication and disposition for illegal possession of a handgun by a juvenile should be vacated. This Court found that the prosecution of the juvenile for the illegal possession of a handgun by a juvenile required use of the same evidence presented against him under LSA-R.S. 14:95(E), specifically, possession of the same firearm. As such, this Court found that the prohibition against double jeopardy was violated. This Court reversed the adjudication and disposition imposed for illegal possession of a handgun by a juvenile, the less severely punishable offense.
In State v. Warner, 94-2649 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 So.2d 1089, the appellate court ruled that double jeopardy barred the prosecution for cocaine possession of a defendant who had previously been convicted under LSA-R.S. 14:95(E) of possession of a firearm while in possession of the same cocaine. Likewise, in *967 State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035, the appellate court concluded that double jeopardy barred the | .¡¡prosecution of a defendant under LSA-R.S. 14:95(E) subsequent to his conviction on a charge of cocaine possession, where the cocaine possession was the basis for the violation of LSA-R.S. 14:95(E).
However, these cases are clearly distinguishable from the instant case. Herein, the defendant was not charged with a violation of LSA-R.S. 14:95(E) and the underlying offense. Rather, according to the February 24, 2011 minute entry contained in the record, the State refused the aggravated assault charge, LSA-R.S. 14:37, and accepted the illegal possession of a firearm charge, LSA-R.S. 14:95(E).
In State v. Maurice, 96-2268 (La.App. 4 Cir. 12/4/96), 686 So.2d 58, writ denied, 97-0400 (La.3/27/97), 692 So.2d 396, the defendant was charged with simple battery, a violation of LSA-R.S. 14:35, arising out of an incident which occurred on June 22, 1994. He was first charged on June 23, 1994, with battery under the New Orleans Municipal Code, and the case was allotted to the municipal court. On July 28, 1994, the municipal court dismissed the charge after the State was unable to proceed to trial. Thereafter, on August 10, 1994, two counts of simple battery were instituted against the defendant in the criminal district court. After the defendant’s motion to quash the bill of information on double jeopardy grounds was denied, the matter proceeded to bench trial at the conclusion of which the defendant was found guilty on count one and not guilty on count two. The defendant thereafter took an appeal to the appellate division of the criminal district court. That court concluded that the institution of state charges, after the case was dismissed in the municipal court, was barred by the rules of double jeopardy and collateral estoppel. The State thereafter sought review in the appellate court. On appeal, the Fourth Circuit Court of Appeal found that the prosecution of the defendant in the criminal district court for the same charge that was originally brought in the municipal court was not barred by double jeopardy. In so ruling, the 1 f,Fourth Circuit noted that the simple battery charge against the defendant was not adjudicated or submitted in the municipal court, no evidence was presented in the municipal court, no witnesses testified in the municipal court, and the municipal court’s decision to dismiss the charges was based on the State’s inability to go forward to trial.
Similar to the situation in State v. Maurice, supra, the defendant, in the instant case, was not subject to multiple prosecutions or punishments for the same offense. Rather, with regard to the November 8, 2010 incident in which the defendant allegedly pointed a gun at a complaining witness, the State filed a single bill of information charging the defendant with illegal possession of a firearm during the commission of a crime of violence. The record is clear that the State did not file any additional charges, including aggravated assault, against the defendant stemming from the November 8, 2010 offense. Moreover, there is no indication that the State plans to file any additional charges relating to that incident. As correctly noted by the trial court at the motion to quash hearing, double jeopardy does not apply in the instant case because there was only one charge relating to the November 8, 2010 incident.
In the instant case, the trial court clearly did not grant the defendant’s motion to quash on double jeopardy grounds; rather, she granted it on the basis that the State had inappropriately charged the de *968 fendant. In fact, she specifically commented that the State should have charged the defendant with aggravated assault, not illegal possession of a firearm during a crime of violence. We first note that the State’s alleged inappropriate charging of the defendant is not one of the grounds for a motion to quash listed in LSA-C.Cr.P. arts. 532 or 534.[1]
| ./Moreover, it is well settled that the district attorney has broad discretion in both the institution and handling of criminal prosecutions. LSA-Const. art. 5, § 26(B); LSA-R.S. 16:1(B). LSA-C.Cr.P. art. 61 provides that, subject to the supervision of the attorney general, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute. State v. Brisco, 04-8039 (La.7/6/06), 933 So.2d 754, 762.
LSA-R.S. 14:4 provides that conduct which is criminal under several articles may be prosecuted, in the discretion of the district attorney, as follows:
Prosecution may proceed under either provision, in the discretion of the district attorney, whenever an offender’s conduct is:
(1) Criminal according to a general article of this Code or Section of this Chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or
(2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision.
In State v. Juluke, 374 So.2d 1259 (La.1979), the defendant was charged with forgery, a felony, in violation of LSA-R.S. 14:72. The defendant filed a motion to quash on the basis that he should have been charged with unauthorized use of a credit card (LSA-R.S.14:67.3), a misdemeanor. The trial court granted the motion. On appeal, the Louisiana Supreme Court stated that the defendant’s conduct would be criminal under either LSA-R.S. 14:72 or R.S. 14:67.3. It found that although the State might have chosen to prosecute the defendant under LSA-R.S. 14:67.3, it was within the discretion provided to the district attorney under LSA-R.S. 14:4 to charge her under the general forgery statute. As such, the |sLouisiana Supreme Court reversed the ruling of the trial court and remanded for further proceedings.
Likewise, in the instant case, the defendant’s alleged conduct, i.e., pointing a gun at another person, is criminal behavior under both LSA-R.S. 14:37 and LSA-R.S. 14:95(E). Therefore, it was clearly within the discretion provided to the district attorney under LSA-R.S. 14:4 to charge the defendant with a LSA-R.S. 14:95(E) violation. It is thereafter left to the trier of fact to determine if the State met its burden of proving the elements of the charged offense.
Lastly, the defendant, in his ap-pellee brief, argues that the trial judge’s ruling should be upheld based on the principle of lenity. The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal. The rule is *969 based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited. The rule of lenity applies not only to interpretations of the substantive ambit of criminal law, but also to penalties imposed by those laws. State v. Piazza, 596 So.2d 817, 820 (La.1992). In the instant case, LSA-R.S. 14:95(E) provided fair warning to the defendant of what conduct would be considered criminal and what penalties would be imposed for a violation of that law. Therefore, there is no merit to the defendant’s assertion that the granting of the motion to quash should be upheld based on the principle of lenity.
Accordingly, for the reasons set forth herein, the judgment of the trial court granting the defendant’s motion to quash the bill of information is reversed. The case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED

. We recognize that the list of grounds contained in these articles is merely illustrative. State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210. Thus, the fact that the defendant’s motion to quash is not based on any of the grounds contained in these articles is not dispositive of the issues raised in this appeal.