ROBERT M. MURPHY, Judge.
|;)The State of Louisiana appeals the trial court’s granting of defendant Michael P. Gisclair’s motion to quash, ruling that the State should have charged the defendant with a different crime. For the reasons that follow, we reverse the trial court, reinstate the prosecution of this matter, and remand the case to the district court for further proceedings.
STATEMENT OF THE CASE
On September 7, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Michael P. Gisclair, with a violation of La. R.S. 14:95(E), illegal carrying of a weapon while committing a crime of violence, alleging that he possessed “a .22 caliber rifle while in the commission of a crime of violence as defined by La. R.S. 14:2.” At his arraignment, defendant pled not Isguilty. On October 10, 2012, defendant filed a motion to quash pursuant to La. C.Cr.P. arts. 531, 532(6), and 591, alleging that the State’s charging him with a violation of La. R.S. 14:95(E) constituted double jeopardy. Specifically, defendant asserted that the dangerous weapon allegedly used in the crime of violence was the same firearm he allegedly possessed to justify the charge of illegal carrying of weapons. La. R.S. 14:95(E). Thus, under the “same evidence test,” defendant contended that he was improperly placed in double jeopardy because the same evidence would be used to prove both crimes. On October 12, 2012, the trial court granted defendant’s motion to quash, on the basis that defendant was improperly charged but not on double jeopardy grounds. The trial judge specifically adopted its previous ruling in State v. Jamar Fisher, 24th Judicial District Court, Parish of Jefferson, case no. 11-0887, in which it was held that the defendant should have been charged with aggravated assault and not illegal carrying of weapons while committing a crime of violence. On appeal, the State now challenges the district court’s granting of defendant’s motion to quash the bill of information.
FACTS
Because the trial judge granted defendant’s motion to quash, there are few facts contained in the record. The bill of information provides that on or about July 6, 2012, defendant violated La. R.S. 14:95(E) in that he did possess a .22 caliber rifle while in the commission of an aggravated assault upon Paul E. Whipple.
In its sole assignment of error, the State, as appellant, contends that the trial court erred in granting defendant’s Motion to Quash based upon its reasoning that the State should have charged defendant with a different crime.
LAW AND DISCUSSION
l/The State argues that the trial judge erred in granting defendant’s motion to quash based upon the reasoning that defendant should have been charged with aggravated assault[1] instead of the charge of illegal carrying of a weapon while committing a crime of violence.[2] The State *156 contends that the exact issue has been previously addressed by this Court in State v. Fisher, 12-412 (La.App. 5 Cir. 11/27/12), 105 So.3d 964, where this Court held that the trial court erred in granting the defendant’s motion to quash based on the same grounds raised in the instant appeal. Accordingly, the State maintains that this Court’s ruling in Fisher, supra, is controlling and warrants reversal of the trial court’s ruling in this case.
Defendant responds that the trial judge properly granted the motion to quash, and that this Court should reconsider its ruling in Fisher in light of the principles of lenity and legislative intent.
As previously noted, on October 10, 2012, defendant filed a motion to quash based on double jeopardy grounds. He contended that the same evidence was used to prove both crimes. The defendant also alleges that under the Blockburger[3] test, all of the facts alleged by the State were identical to prove both the required element of the underlying crime of violence and the charge of illegal carrying of weapons.
At the hearing on his motion to quash, in addition to the arguments set forth in his written motion, defendant argued that his case was identical to the facts setj^forth in Fisher, supra, in which the trial court granted the motion to quash. In response, the State argued that there is no double jeopardy violation because defendant is only being charged with one crime. The State also maintained that “improper charging” is not a ground recognized as a basis for a motion to quash. After listening to the arguments of counsel, the trial judge granted defendant’s motion to quash for reasons other than those argued by defendant. Specifically, the trial judge held that she did not find a double jeopardy issue; instead, the trial judge adopted her previous reasoning in Fisher, supra, where under the same factual situation, she held that the District Attorney’s Office improperly charged defendant with a La. R.S. 14:95(E) violation.
At the time the trial court granted defendant’s motion to quash, Fisher was pending before this Court on appeal. Notably, Fisher involved basically the same facts, the same issue, the same district court judge, and the same motion to quash as in the instant case. In Fisher, the defendant was charged with a violation of La. R.S. 14:95(E) “in that he did possess a handgun firearm while in the commission of an Aggravated Assault, a crime of violence as defined by La. R.S. 14:2.” Fisher, 105 So.3d at 966. The defendant filed a motion to quash alleging that the State’s charging him with a violation of La. R.S. 14:95(E) constituted double jeopardy. In his motion, he asserted that the dangerous weapon alleged in the aggravated assault was the same firearm he allegedly possessed to justify the charge of violating La. R.S. 14:95(E). The defendant also argued that the same evidence would be used to prove both crimes and that all of the facts alleged by the State were identical to prove both the required aggravated assault elements of the commission of a crime of violence and the possession of the firearm during the crime of violence.
I fiThe trial judge granted the motion to quash on the basis that the defendant was inappropriately charged and not on double jeopardy grounds. The trial judge specifi *157 cally stated that the defendant should have been charged with aggravated assault and not a La. R.S. 14:95(E) violation.
The State appealed the trial court’s ruling, arguing that the trial judge did not assert a recognized legal basis for granting the motion to quash, and that the district attorney, not the district court, has control of criminal prosecutions instituted or pending.
Fisher is no longer pending. State v. Fisher, 12-412 (La.App. 5 Cir. 11/27/12), 105 So.3d 964. In fact, this Court reversed the trial court’s ruling. In reaching this conclusion, this Court reasoned that the defendant was not charged with violations of La. R.S. 14:95(E) and the underlying offense. Additionally, this Court noted that the defendant was not subject to multiple prosecutions or punishments for the same offense. Thus, this Court found, as the trial court found at the motion to quash hearing, that double jeopardy did not apply because there was only one charge relating to the incident.
Further, this Court addressed the trial court’s granting of the motion to quash on the basis that the State had inappropriately charged the defendant. This Court noted that “inappropriate charging” of a defendant is not one of the grounds for a motion to quash under La.C.Cr.P. arts. 532 or 534. Moreover, this Court stated that it is well settled that the district attorney has broad discretion in both the institution and handling of criminal prosecutions under La. Const, art. 5, § 26(B); and La. R.S. 16:1(B). In support of that principle, this Court cited State v. Juluke, 374 So.2d 1259 (La.1979), a case in which the defendant was charged with forgery, a felony, in violation of La. R.S. 14:72. In Juluke, the defendant filed a motion to quash on the basis that he should have been charged with unauthorized |7use of a credit card, La. R.S.14:67.3, a misdemeanor. The trial court granted the motion. On appeal, the Louisiana Supreme Court stated that the defendant’s conduct would be criminal under either La. R.S. 14:72 or La. R.S. 14:67.3. It found that although the State might have chosen to prosecute the defendant under La. R.S. 14:67.3, it was within the discretion provided to the district attorney under La. R.S. 14:4 to charge her under the general forgery statute. As such, the Louisiana Supreme Court reversed the ruling of the trial court and remanded for further proceedings.
This Court found that like Juluke, Fisher’s alleged conduct, ie., the pointing of a gun at another person, is criminal under both La. R.S. 14:37 and La. R.S. 14:95(E). Thus, this Court held that it was clearly within the discretion of the district attorney under La. R.S. 14:4 to charge the defendant with a La. R.S. 14:95(E) violation. This Court further concluded that “[i)t is thereafter left to the trier of fact to determine if the State met its burden of proving the elements of the charged offense.”
Lastly, this Court in Fisher addressed the defendant’s argument on appeal that the trial judge’s ruling should be upheld based on the principle of lenity or mercy. This Court found this argument lacked merit. Specifically, this Court determined that La. R.S. 14:95(E) provided fair warning to the defendant of what conduct would be considered criminal and what penalties would be imposed for- a violation of that law. Therefore, this Court did not agree that the granting of the defendant’s motion to quash should be upheld on the principle of lenity. Accordingly, this Court reversed the judgment of the trial court granting the defendant’s motion to quash the bill of information.
Here, the trial judge adopted her reasoning and ruling set forth in Fisher as the basis for her granting of the motion to *158 quash in the instant case. It appears that IsFisher is indistinguishable on the present issue. Thus, for the same reasons this Court reversed the trial court’s ruling in Fisher, we find that the judgment of the trial court in this case must be reversed.
As in Fisher, the defendant herein was not charged with a violation of La. R.S. 14:95(E) and the underlying offense.[4] Rather, defendant was only charged with a violation of La. R.S. 14:95(E).[5] Additionally, defendant was not subject to multiple prosecutions or punishments for the same offense.[6] Rather, with regard to the July 6, 2012 incident in which defendant allegedly pointed a gun at the complaining witness, the State filed a single bill of information charging defendant with illegal possession of a firearm during the commission of a crime of violence. The record is clear that the State did not file any additional charges, including aggravated assault, against defendant stemming from the July 6, 2012 incident. Moreover, there is no indication in the record that the State plans to file any additional charges relating to that incident. Thus, as correctly noted by the trial court at the motion to quash hearing, we find, as in Fisher, that double jeopardy does not apply in this case because there was only one charge brought by 19the district attorney relating to the subject incident.[7]
*159 Additionally, by adopting her reasoning and findings in Fisher, the trial court essentially granted the motion to quash on the basis that the State had inappropriately charged defendant. First, as previously held by this Court, “inappropriate charging” of the defendant is not one of the grounds for a motion to quash pursuant to La.C.Cr.P. arts. 532 or 534.[8] Second, this Court has found that it is well settled that if a defendant’s criminal conduct falls under more than one statute, it is within the discretion provided to the district attorney under La. R.S. 14:4[9] to charge the defendant with either violation.[10] Here, defendant’s alleged conduct constituted violations of La. R.S. 14:37 or La. R.S. 14:95(E). Thus, since defendant’s alleged conduct constitutes criminal behavior under both statutes, the State had the discretion to proceed under La. R.S. 14:95(E) rather than La. R.S. 14:37.
| ¶ nLastIy, defendant argues that the trial judge’s ruling should be upheld based on the principle of lenity. This Court addressed this same argument in Fisher and determined it lacked merit. The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal. State v. Piazza, 596 So.2d 817, 820 (La.1992). The rule is based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited. The rule of lenity applies not only to interpretations of the substantive ambit of criminal law but also to penalties imposed by those laws. In the instant case, as in Fisher, we find that La. R.S. 14:95(E) provided a fair warning to defendant of what conduct would be considered criminal and what penalties would be imposed for a violation of that law. As previously discussed, it is left to the discre *160 tion of the district attorney to decide whether to prosecute defendant under La. R.S. 14:37 or La. R.S. 14:95(E), despite the difference between each statute’s sentencing provisions.[11]
Accordingly, for the reasons set forth herein, and as previously discussed by this Court in State v. Fisher, we reverse the judgment of the trial court granting defendant’s motion to quash the bill of information, reinstate the prosecution of this matter, and remand the case to the district court for further proceedings.
J^ERRORS PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

REVERSED AND REMANDED

. La. R.S. 14:37(A) defines aggravated assault as “an assault committed with a dangerous weapon.” La. R.S. 14:36 defines assault as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.”

. La. R.S. 14:95(E) provides:
If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten *156 thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of parole, probation, or suspension of sentence.
Aggravated assault is listed as a crime of violence under La. R.S. 14:2(B)(7).

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Pursuant to La.C.Cr.P. art. 532(6), a motion to quash may be granted if trial for the offense charged would constitute double jeopardy. Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. See also La.C.Cr.P. art. 591. The guarantee against double jeopardy includes constitutional protections against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the same offense. State v. Smith, 95-61 (La.7/2/96), 676 So.2d 1068, 1069.
The Double Jeopardy Clause clearly prevents an offender from being convicted of both the underlying offense for a La. R.S. 14:95(E) violation and the La. R.S. 14:95(E) violation. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1329.

. At the motion to quash hearing, the State noted that when this case was initially screened, the screening department charged defendant with aggravated assault and a violation of La. R.S. 14:95(E). However, the State dismissed the aggravated assault charge in open court, noting the potential for a double jeopardy claim if both charges were pursued.

. In State v. Warner, 94-2649, (La.App. 4 Cir. 3/16/95), 653 So.2d 57, writ denied, 95-0943 (La.5/19/95), 654 So.2d 1089, the appellate court ruled that double jeopardy barred the prosecution for cocaine possession of a defendant who had previously been convicted under La. R.S. 14:95(E) of possession of a firearm while in possession of the same cocaine. Likewise, in State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035, the appellate court concluded that double jeopardy barred the prosecution of a defendant under La. R.S. 14:95(E) subsequent to his conviction on a charge of cocaine possession, where the cocaine possession was the basis for the violation of La. R.S. 14:95(E).

. See also, State v. Wallace, 12-594 (La.App. 5 Cir. 2/21/13), 110 So.3d 1199, where the defendant contended that his right against double jeopardy was violated when he was prosecuted for a violation of La. R.S. 14:95(E) based on an underlying felony of aggravated assault in violation of La. R.S. 14:37. The defendant argued that because the State was required to use the same evidence to prove violations of La. R.S. 14:95(E) and La. R.S. 14:37, his right against double jeopardy was violated. On appeal, the record reflected that the defendant raised his double jeopardy claim in a pre-trial motion to quash, which was denied by the trial court. This Court then denied defendant’s writ application, and the Louisiana Supreme Court denied writs thereafter. State v. Wallace, 11-508 (La.App. 5 Cir. 5/27/11) (unpublished writ disposition), writ denied, 11-1355 (La.9/30/11), 71 So.3d 292.
*159 In denying defendant's writ application, this Court determined that defendant was not charged with violating La. R.S. 14:37. State v. Wallace, 11-508 (La.App. 5 Cir. 5/27/11) (unpublished writ disposition). Rather, "[t]he bill of information clearly states that [defendant] ‘violated R.S. 14:95(E) in that he did possess a handgun while in commission of R.S. 14:37.’ ” Id. Accordingly, this Court found that La. R.S. 14:37 "is only listed in the bill to describe what offense [defendant] committed while possessing or using a handgun. Thus, no double jeopardy violation exits. Id. Accordingly, on appeal this Court upheld its prior ruling under the "law of the case" doctrine.

. Notably, however, the list of grounds contained in these articles is merely illustrative. State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210. Thus, the fact that defendant’s motion to quash is not based on any of the grounds contained in these articles is not dispositive of the issues raised in this appeal.

. La. R.S. 14:4 provides that conduct which is criminal under several articles may be prosecuted, in the discretion of the district attorney, as follows:
Prosecution may proceed under either provision, in the discretion of the district attorney, whenever an offender’s conduct is:
(1) Criminal according to a general article of this Code or Section of this Chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or
(2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision.

.It is well settled that the district attorney has broad discretion in both the institution and handling of criminal prosecutions. La. Const. art. 5, § 26(B), La. R.S. 16:1(B). La. C. Cr. P. art. 61 provides that subject to the supervision of the attorney general, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute. State v. Brisco, 04-3039 (La.7/6/06), 933 So.2d 754, 762.

. Compare, State v. Bosworth, 373 So.2d 152 (La.1979) in which the defendant was convicted of contributing to the delinquency of a minor and sentenced. At the time of the offense, the statute under which the defendant was prosecuted provided two conflicting punishments, one of which rendered the crime a felony while the other retained the crime’s misdemeanor status. The legislature at some point removed the conflict in the penalty provision by providing misdemeanor status for the crime, except for a violation of the subsection not at issue. The Supreme Court held that the defendant would be afforded the advantage of the lesser punishment provided by the conflicting amendments. As such, it vacated the sentence and remanded for resen-tencing.
Also compare, Piazza, supra, where the defendant was indicted for violating La. R.S. 14:202, which defined the crime of misapplication of construction contract payments. The defendant filed a motion to quash arguing that the statute was unconstitutional because the penalty provision was ambiguous. The district court declared the statute unconstitutional and quashed the indictment. The district judge noted that Section 202 had been amended twice in 1986 and that the two amended statutes provided greatly differing penalty ranges. The Supreme Court decided to reconcile the amendments by giving some effect to both so as to cany out the intent of the Legislature, while also applying the principle of lenity. The Supreme Court applied the minimum penalty from one amendment and the maximum penalty from the other one. It reversed the ruling on the motion to quash and remanded for further proceedings.
However, Bosworth and Piazza are distinguishable from the instant case. Bosworth and Piazza both involve conflicting penalties within one statute, whereas in the instant case there are no conflicting penalties within La. R.S. 14:95E.